**F. W. BOLGIANO & CO., INC., Appellant,**

v.

**Madilyn V. BROWN and Joseph C. Postra, Appellees.**

**No. 7678.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1973.

Decided March 17, 1975.

Anton M. Weiss, Washington D. C., for appellant.

No appearance was entered for appellees.

Before GALLAGHER, PAIR * and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant obtained a summary judgment against appellees on a promissory note for $1,000, with interest plus an attorney's fee

---

* Retired as of April 14, 1974.

"of 10%". The court denied appellant's motion to reconsider and enlarge the award of attorney's fees. The only question before us on appeal is whether the trial court erred or abused its discretion in its award of attorney's fees.

The promissory note contained the usual language that "[t]he undersigned . . . promise to pay costs of collection including a reasonable attorney's fee if this note is not paid at maturity . . . ."

Appellant contends that the trial court erred in treating the award of attorney's fees as being entirely discretionary, contending that the promise to pay a reasonable attorney's fee is intended to assure the reimbursement of plaintiffs for the legal fees actually incurred. We do not understand that to be the criterion in this jurisdiction.

The record reflects that plaintiff's attorney, in addition to preparing and filing a complaint, also prepared and filed: (1) a Request for Production of Documents; (2) a Request for Admission of Facts; (3) Interrogatories concerning the transaction of which the note was a part, and payments thereon, if any; (4) a Motion for Summary Judgment; and (5) a Statement of Material Facts as to Which There Is No Genuine Issue. He also appeared in court on the Motion for Reconsideration. There is no dispute regarding the extent or nature of the legal services rendered.

■ The promise to pay a *reasonable* attorney's fee in addition to the face amount of the note plus interest means precisely that. The mechanical application of a standard percentage is not the exercise of discretion. However, the determination of reasonableness is a matter that must be left to the sound discretion of the trial judge. United States v. Reed, D.C. App., 31 A.2d 673 (1942); Electronics

Capital Corp. v. Sheperd, 439 F.2d 692 (5th Cir. 1971).

■ The routine allowance of a 10 percent attorney's fee for suit on a promissory note would not necessarily be reasonable or adequate in every case. Under the circumstances of this case one might conclude that a $100 fee would be a bare minimum. However, the determination of what is a reasonable fee is for the trial court in light of the amount involved, the complexity of the issues and the actual time reasonably required to obtain judgment. The trial judge is in a much better position to appraise these factors and to arrive at a reasonable award than is an appellate court.

In its order granting summary judgment the trial court noted that no opposition had been filed to appellant's motion for summary judgment and that there was no genuine issue of material fact. Such considerations no doubt entered into the trial court's award of fees. In the course of ruling on the motion to reconsider the trial court said, "But, I fail to see where you have given me anything that would justify—and I think it is a discretionary thing, as I understand it—that, I don't think you have given me any persuasiveness that would suggest that I should go to 15 percent." Appellant was asking for 33⅓ percent.

Where the instrument provides for a reasonable attorney's fee, a ten percent fee should not arbitrarily be awarded as the maximum fee permissible. The judge in each case must exercise his sound and thoughtful discretion, in light of all of the relevant circumstances, in arriving at a reasonable fee. Although we might harbor some doubt as to the adequacy of the fee here, it does not appear to have been set arbitrarily and we cannot say on this record that the trial court abused its discretion. Accordingly, the judgment is

Affirmed.