**CENTRAL FIDELITY BANK,**
Appellant,

v.

**Douglas C. McLELLAN, Appellee.**

**The RIGGS NATIONAL BANK OF WASHINGTON, D.C., Appellant,**

v.

**Benjamin V. HOWARD, et al., Appellees.**

Nos. 88–118, 88–119.

District of Columbia Court of Appeals.

Submitted June 15, 1989.

Decided Aug. 31, 1989.

Jan E. Lutinski, Arlington, Va., filed a brief for appellants.

Before BELSON and STEADMAN, Associate Judges, and REILLY, Senior Judge.

STEADMAN, Associate Judge:

Central Fidelity Bank obtained a default judgment in the Small Claims Branch for the $434.04 balance remaining on an automobile installment loan contract, plus interest and costs. The contract contained a provision that if legal action was brought, the borrower agreed to pay attorney's fees of 25%. Recognizing that under Rule 19 of the Small Claims Rules, attorney's fees in that Branch may generally not exceed 15%

of the plaintiff's recovery,[1] Central sought such an attorney's fee award; *viz.*, $65.11. The present appeal is from the trial court's denial of any attorney's fee award.[2]

The court hearing on Central's oral motion[3] for attorney's fees went in its entirety as follows:[4]

Counsel: Good morning, Your Honor, [identifies himself]. This case is before you for attorney's fees; the contract upon which this judgment is based provides that in case of lawsuit the judgment—the debtor has to pay twenty-five percent attorney's fees. I understand in the District of Columbia you're only allowed fifteen, so we're asking for an order awarding fifteen percent attorney's fees on four hundred dollars of the deficiency balance; four hundred and thirty-four dollars.

1. Rule 19 provides that: "No attorneys [attorney's] fees may be allowed as costs in an action in this Branch unless the plaintiff's attorney shall: (1) Exhibit to the judge the instrument or agreement upon which such claim is based; (2) certify in writing that the fee claimed is payable only and entirely to him, and that he has no agreement with the plaintiff and will make none whereby any part of such attorney's fees will be payable to anyone other than such attorney. Except for exceptional circumstances made known to the judge in open court, attorneys [attorney's] fees in this Branch may not be allowed in an amount exceeding 15 percent of the plaintiff's recovery." Super.Ct.Sm.Cl.R. 19.

2. Consolidated with Central's appeal is a similar one by Riggs National Bank. Although there are differences in the facts surrounding the two appeals, the core issue is identical. In light of our holding with respect to the Central appeal, we remand the Riggs appeal as well. The Riggs case involved a consent judgment on a consumer note in which the defendant promised to pay a "reasonable attorney's fee not in excess of 15% of the unpaid balance." The consent praecipe made no mention of any attorney's fee, nor did counsel file prior to the hearing the certification provided for in Small Claims Rule 19. Since the trial court in its Rule 6(c) statement did not deal with either of these facts, they remain open for consideration upon remand.

3. Small Claims Court Rule 13 provides that "[w]hen any motion cognizable in this Branch is dependent upon facts not apparent upon the record, said motion shall be in writing and shall be accompanied by an affidavit or sworn testimony." In neither of the appeals before us was this done. The trial court made no issue of this.

The Court: This court in the exercise of its discretion will deny an award of attorney's fees in this case.

Counsel: Could you explain.

The Court: That's very strange, counsel; I was a trial attorney for twenty-three years and I never never in twenty-three years asked a Judge after he has ruled to explain his ruling. I expect attorneys to appear in front of me, to behave the way I behaved when I was an attorney. I have ruled.

Counsel: Thank you.

We note at the outset that we are dealing here not with a statutory provision but rather with a contractual promise by the defendant. *United States v. Reed,* 31 A.2d 673, 675 (D.C.1942), an early case in our predecessor court,[5] upheld the enforce-

*See Davey v. American Airlines, Inc.,* 108 Daily Wash.L.Rptr. 349, 354 n. 10 (D.C.Super.Ct. Feb. 26, 1980) (noting that the Rule 13 procedure may not be "necessarily applicable to routine counsel fee motions when an instrument on which suit is based (*e.g.,* a conditional sales contract) provides for such fees"). Indeed, Rule 13's applicability is by no means clear in such a case, since the attorney's fees element is part of the plaintiff's contractual cause of action, not an ancillary matter.

4. The exchange was little different when the court heard from counsel for Riggs:

Counsel: Good morning, Your Honor, [identifies herself]. This is a case, Your Honor, where we sued Mr. Benjamin and Mrs. Mary Howard based upon a promissory note; the defendant Benjamin Howard appeared today and entered into an agreement agreeing to pay the amount due and have a judgment entered against him. He also agreed to abide by the contract and pay a fifteen percent attorney's fee which was provided for in the contract which he signed. We're requesting that the court approve our request for attorney's fees.

The Court: All right; I will exercise my discretion in this case and deny the plaintiff's request for attorney's fees.

Counsel: Thank you, Your Honor.

[End of proceedings]

Counsel for Riggs had been sitting in the courtroom and made her motion for attorney's fees immediately following the Central denial. Her failure to ask the trial court for an explanation of the ruling was understandable.

5. *See also Stansel v. American Security Bank,* 547 A.2d 990, 994 (D.C.1988), *cert. denied,* —

ability of such clauses and set forth the controlling legal and evidentiary standard:

> Such provisions ... are sustained only as an indemnity for the reasonable fees necessarily and properly paid or incurred. The question of what constitutes a reasonable fee depends upon the circumstances of each case. If the court deems it necessary, or if either party desires, testimony may be taken as to the nature of the services rendered, and the reasonable value thereof.

The trial court here apparently viewed its discretion as extending to the question of whether disposition of the case should include an award of attorney's fees at all. However correct this may be with respect to statutory provisions, where a contractual agreement expressly provides for the payment of attorney's fees, the trial court's discretion is limited to ascertaining what amount constitutes a "reasonable" fee award. Otherwise put, absent public policy considerations or other unusual circumstances, the duty of the trial court is to give meaning to the full agreement of the parties, as interpreted by controlling case law.[6] *See Bolgiano & Co. v. Brown*, 333

A.2d 674, 675 (D.C.1975) (where promissory note provides for payment of reasonable attorney's fee, trial judge must exercise discretion to arrive at a reasonable award). The trial court failed to do so here.

■ In its written statement furnished pursuant to D.C.App.R. 6(c),[7] the trial court explained its outright denial of any attorney's fees by the plaintiff's failure to offer any proof on the question of the reasonableness of the fees. However, *United States v. Reed, supra*, itself imposes no absolute rule[8] but rather states that "if the court deems it necessary, or if either party desires, testimony may be taken as to the nature of the services rendered, and the reasonable value thereof." *Id.* at 675–76.[9] Furthermore, the trial court gave no indication, despite the request, as to the basis for its decision.[10] This was no mid-trial ruling but rather a final disposition of an element of Central's contractual cause of action. Super.Ct.Civ.R. 52(a), made applicable to the Small Claims Branch by Super.Sm.Cl.R. 2, requires sufficient factual findings and legal conclusions by a trial

---

U.S. ——, 109 S.Ct. 1746, 104 L.Ed.2d 183 (1989), and cases cited.

**6.** The trial court was quite correct in its position that the fact that the agreement provided for a flat percentage to be paid as attorneys fees did not *ipso facto* compel the entry of an award in that amount. As indicated, under *Reed*, such a provision is interpreted as an indemnity, authorizing the recovery only of reasonable fees, to be determined on an individual basis. *See F.W. Bogliano & Co., Inc. v. Brown*, 333 A.2d 674 (D.C.1975); *Manchester Gardens v. Great West Life Assur. Co.*, 92 U.S.App.D.C. 320, 325–26, 205 F.2d 872, 877–78 (1953); *cf. Stansel v. American Security Bank, supra*, 547 A.2d at 994. This does not mean that each case must be viewed in isolation. Here, for example, Central's counsel had a total of ten cases on the calendar for that day, and Riggs' counsel had four. The trial court may use such information in calculating a reasonable fee for an individual case.

**7.** The rule provides as follows:

(c) Statement of proceedings and evidence. Whenever in the opinion of this court it appears that a further statement of proceedings and evidence is necessary to act upon an application, either because of a conflict in the facts as stated in the application and response, or for any other reason, this court may call for a statement of proceedings and evidence

from the trial judge, and may also require the original record and exhibits to be transmitted to this court.

**8.** In the cases of sister jurisdictions which hold, like *Reed*, that testimony as to the extent and value of the services rendered is not absolutely mandatory to support an award of attorney's fees, the rationale is generally based on the fact that the trial judge, in view of his or her experience on the bench and at the bar, may be in a position, without more, to make the determination of reasonableness. *See, e.g., Trice v. Hewgley*, 53 Tenn.App. 259, 265, 381 S.W.2d 589, 594–95 (1964); Annotation, *Necessity of Introducing Evidence to Show Reasonableness of Attorney's Fees Where Promissory Note Provides for such Fees*, 18 ALR3d § 4, at 740 (1968). This could perhaps be the situation in certain simple small claims cases.

**9.** A corporate plaintiff in Small Claims Court must be represented by counsel, Small Claims Rule 9(b), and counsel manifestly had some responsibility in the case.

**10.** "While we recognize that the trial court has broad discretion in imposing costs and attorney's fees, the court must at least state for the record on what basis it makes its findings."

court in a bench trial.[11] By the failure to do so, Central and all others so situated [12] were deprived of knowledge of a significant legal position of the trial court.

Accordingly, the trial court orders appealed from are set aside and the cases remanded for further proceedings.[13]

*So ordered.*

*Burt v. First American Bank,* 490 A.2d 182, 188 (D.C.1985) (citation omitted).

11. We appreciate the need for dispatch in disposing of small claims matters, but at least if asked by a party, the trial court should be forthcoming in compliance with Rule 52.

12. In its Rule 6(c) statement, the trial court indicated that during its seven-week tenure in the Small Claims Branch, it had ruled on ap-

proximately 30 to 50 attorney's fees requests and denied them all because of a similar failure of proof.

13. Each of the contracts also provided for the payment of court costs. Because it would be patently unfair to impose the costs of this appeal on defendants (since it was not defendants who opposed the payment of an attorney's fee award), we hold that the costs of this appeal should be borne by Central and Riggs equally.