# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WHEELER WINSTEAD,          :

           :

          Plaintiff,      :      Civil Action No.:     09-997 (RMU)

           :

          v.           :      Re Document No.:    31

           :

HOMEQ SERVICING,        :

           :

          Defendant.    :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

This case is before the court upon consideration of defendant HomeQ Servicing's motion to dismiss. The *pro se* plaintiff, the owner of property subject to foreclosure proceedings, asserts that the defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the National Housing Act ("NHA"), 12 U.S.C. §§ 1701 *et seq. See generally* Compl.

This court previously dismissed all of the defendants that were originally in this case with the sole exception of HomeQ Servicing, which had not yet filed a motion to dismiss. *See generally* Mem. Op. (Mar. 22, 2010); Amended Order (Mar. 23, 2010). Subsequently, HomeQ Servicing requested leave to file a motion to dismiss, *see generally* HomeQ's Mot. for Leave, which the court granted, Minute Order (Nov. 3, 2010). On November 3, 2010, HomeQ Servicing filed its motion to dismiss. The plaintiff, however, did not respond within the prescribed time under the local rules. *See* LCvR 7(b) (requiring that a party oppose a motion within 14 days of its service unless the court directs otherwise).

As the plaintiff is *pro se*, the court issued an order on May 25, 2011 directing the plaintiff

to respond by June 15, 2011. Order (May 25, 2011) at 1. The court alerted him that failure to respond would result in dismissal of this suit. *Id.* To date, the plaintiff has not responded.

The court has reviewed HomeQ Servicing's motion to dismiss. It incorporates all of the arguments previously made by two of the prior defendants in this case, Saxon Mortgage Services, Inc. and EMC Mortgage Corporation. *See* Def.'s Mot. at 1-2. Those defendants had argued that the plaintiff's TILA and RESPA claims are barred by the applicable statute of limitations, *see* Mem. Op. (Mar. 22, 2010) at 4, and that the plaintiff failed to state a cognizable claim under the FDCPA and NHA, *see id.* at 4-5. The court granted dismissal after determining that the plaintiff's TILA and RESPA claims indeed were time-barred and that the plaintiff has failed to state cognizable claims under the FDCPA or the NHA. *See id.* at 4-5.

Because the court, in its previous Memorandum Opinion, has already thoroughly considered the arguments asserted by HomeQ Servicing, *see id*. at 4-5, and because the plaintiff has failed to respond to the defendant's motion to dismiss, the court grants HomeQ Servicing's motion to dismiss. *See Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (concluding that the district court did not abuse its discretion in granting a motion for summary judgment as conceded based on the opposing party's failure to file a timely opposition). An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of August, 2011.

RICARDO M. URBINA
United States District Judge