**HTC CORPORATION and HTC America, Inc., Plaintiffs,**

**v.**

**IPCOM GMBH & CO., KG, Defendant.**

**Civil Action No. 08–1897 (RMC)**

United States District Court,
District of Columbia.

Signed March 5, 2012

Filed 03/21/2012

John S. Skilton, Jeff J. Bowen, Perkins COIE LLP, Jonathan M. James, Tyler R. Bowen, Perkins COIE Brown & Bain P.A.,

Phoenix, AZ, Michael Andrew Oblon, Shannon M. Bloodworth, Perkins COIE LLP, Washington, DC, Madison, WI, S. Kameron Parvin, Perkins COIE LLP, Seattle, WA, Scott Andrew Sher, Kara B. Kuritz, Susan A. Creighton, Wilson Sonsini Goodrich & Rosati, Washington, DC, Jonathan M. Jacobson, Sara Ciarelli Walsh, Wilson Sonsini Goodrich & Rosati, New York, NY, for Plaintiffs.

Stephen Eric Baskin, Mayer Brown LLP, Washington, DC, Catherine E. Hart, Geoffrey K. Gavin, Kevin James Sangston, Leroy M. Toliver, Mitchell Gaines Stockwell, Kilpatrick Townsend & Stockton, LLP, Atlanta, GA, Paul S. Metsch, Solomon Ward Seidenwurm & Smith, LLP, San Diego, CA, for Defendant.

### PUBLIC VERSION

### MEMORANDUM OPINION ON IPCOM'S MOTION FOR SUMMARY JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES

ROSEMARY M. COLLYER, United States District Judge

HTC Corporation of Taiwan and HTC America, Inc. (collectively "HTC") initiated this patent litigation seeking a declaratory judgment that HTC mobile phone products do not infringe U.S. Patent No. 5,390,216 ("216 Patent") owned by IPCom GmbH & Co., KG ("IPCom"). IPCom filed a Counterclaim, asserting infringement of the 216 Patent as well as U.S. Patent Nos. 7,043,751 and 6,879,830. Countercl. [Dkt. # 14]. HTC responded to the Counterclaim and asserted various affirmative defenses. HTC Am. Ans. and Declaratory J. Countercl. ("HTC Am. Ans.") [Dkt. # 60]. IPCom now moves for partial summary judgment, seeking rejection of the following affirmative defenses: (1) that the 216 Patent is invalid as anticipated under 35 U.S.C. § 102(g)(2); (2) laches and waiver; (3) estoppel; and (4) patent misuse and unclean hands. Because HTC has not presented evidence that creates a genuine issue of material fact with regard to anticipation under § 102(g)(2) and because HTC abandoned and waived the affirmative defenses of laches and waiver, estoppel, patent misuse and unclean hands, IPCom's motion for summary judgment will be granted.

### I. FACTS

The 216 Patent claims a method for synchronizing a cell phone with a cell tower. The Patent discloses "synchronization methods for mobile radiotelephones in a cellular, digital mobile radiotelephone system comprising a plurality of fixed stations and a plurality of mobile radiotelephones, for example operating according to what is known as the GSM Recommendation."[1] 216 Patent at 1:10–15.[2] "It is an object of the invention to provide a synchronization method that fulfills all the requirements of digital information transmission with the least possible technical complication and expense." Id. at 3:5–8. The point of synchronization is the ability to operate the cell phone with clear transmission and without dropped calls as the user moves around.

---

1. "The digital mobile telephone system which forms the basis for the so-called D–Network used in Germany is generically designated by the acronym GSM, which comes from the French phrase for mobile special group (Groupe Speciale Mobile). In this system the radio transmission is purely digital, hence the name D–Network. It is a cellular network in the sense that there are many fixed stations with which a mobile station can communicate sequentially as it moves from the cell of one station to the cell of the next." 216 Patent at 1:24–33.

2. Pinpoint citations to the Patent are to column no. : line no.

■ HTC asserts in its second affirmative defense that the 216 Patent and two other patents are invalid for failure to comply with various patent laws, including 35 U.S.C. §§ 101, 102, 103, and 112. *See* HTC Am. Ans. As part of the second affirmative defense, HTC asserts that the 216 Patent is invalid as anticipated under § 102(g)(2).[3] More specifically, HTC contends that a synchronization method invented by Motorola Inc. ("Motorola") and used in Motorola phones anticipates Claim One[4] of the 216 Patent. [Redacted][5] Motorola brought its commercial product to market in Europe.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252, 106 S.Ct. 2505. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

■ Because a patent is presumed valid under 35 U.S.C. § 282, the party seeking to invalidate a patent claim must do so by clear and convincing evidence. *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374 (Fed. Cir. 2005). Where, as here, a patentee moves for summary judgment that its patent claims are not invalid,

3. Originally, HTC also asserted that the synchronization method invented by Motorola Inc. qualifies as prior art under 35 U.S.C. § 102(a) and (b) and that a 1987 GSM Recommendation 05.10 v.0.1 anticipated the 216 Patent. HTC withdrew these contention. Resp. [Dkt. # 266] at 16 n.5, 27.

4. This Opinion refers to Claim One of the 216 Patent, but in fact IPCom's motion for summary judgment applies to all of the asserted Claims of the 216 Patent. If the prior art fails to anticipate Claim One, then it cannot anticipate the other Claims of the 216 Patent that depend from Claim One. *See* IPCom's Mot. for Summ. J. [Dkt. # 256] at 6 n. 2. "[A] claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed. A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C. § 112. In other words, a dependent claim incorporates all of the limitations of the claim from which it "depends" and adds something new; thus, a dependent claim has a narrower scope than the claim from which it depends.

5. While the parties disagree as to what the correct priority date is for the 216 Patent, for the purpose of its motion, IPCom adopts HTC's allegation that the priority date is December 1, 1992. IPCom's Mot. at 9 n.4.

the patentee/movant (who notably does not bear the burden of proof at trial) must show that the nonmoving party "failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). The court on summary judgment must view the evidence through the prism of the evidentiary burden the parties would have faced at trial. *Apple Computer, Inc. v. Articulate Sys., Inc.*, 234 F.3d 14, 20 (Fed. Cir. 2000). Anticipation under § 102 is a question of fact, but "it still may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001). A court may not grant summary judgment of no invalidity where there are genuine issues of material fact. *See, e.g., Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1221 (Fed. Cir. 2003).

## III. ANALYSIS

### A. HTC's Affirmative Defense that the 216 Patent Is Invalid as Anticipated Under § 102(g)(2)

IPCom moves for summary judgment, seeking rejection of the portion of HTC's second affirmative defense that alleges the 216 Patent is invalid as anticipated under § 102(g)(2). A patent claim may be invalid if it is anticipated by prior art as spelled out in 35 U.S.C. § 102. Section 102(g)(2) provides that a patent is invalid if, before the invention, the same invention was "made in this country by another who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2).[6] A patent was "made in this country" if it was invented here, *i.e.* conceived and reduced to practice. *Solvay S.A. v Honeywell Int'l, Inc.*, 622 F.3d 1367, 1376 (Fed. Cir. 2010). A method is conceived when an inventor forms "a definite and permanent idea of the complete operative invention." *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994). A method has been reduced to practice when it is performed and the inventor determines that it will work for its intended purpose. *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998).

To anticipate a patented invention, the prior art reference must enable one of ordinary skill in the art to make the invention without undue experimentation. *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1379 (Fed. Cir. 2007). In order to establish anticipation, HTC must demonstrate that a prior art reference discloses each of the limitations of Claim One of the 216 Patent. *See Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008). A patent is anticipated by prior art only when the claimed subject matter is "identically disclosed or described in the prior art." *Id.* at 1371 (Fed. Cir. 2008) (quoting *In re Arkley*, 455 F.2d 586, 587 (C.C.P.A. 1972)). To anticipate a claim, "a single prior art reference must expressly or inherently disclose each claim limitation ... arranged as in the claim." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323,

---

**6.** Section 102(g) provides that

A person shall be entitled to a patent unless ...
(2) [B]efore such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other. 35 U.S.C. § 102(g)(2).

1334 (Fed. Cir. 2008). There must be no difference between the claimed invention and the prior art reference, as viewed by a person of ordinary skill in the art. *Scripps Clinic & Res. Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991). "[I]t is not enough that the prior art reference discloses part of the claimed invention, which an ordinary artisan might supplement to make the whole, or that it includes multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention." *Net MoneyIN*, 545 F.3d at 1371.

HTC does not contend that any particular Motorola cell phone model was capable of carrying out the steps of Claim One of the 216 Patent; instead, HTC claims that a Motorola development team [7] [Redacted] before bringing devices that used the same synchronization method to market in Europe.[8] The question here is whether HTC has raised an issue of fact by showing that the Motorola synchronization method used all the steps of the 216 Patent, arranged as they are in the Patent. To create an issue of fact, HTC must present some evidence that Claim One of the 216 Patent and the Motorola synchronization method are *identical. See Greene*, 164 F.3d at 675 (the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor).

HTC relies on the report of its expert, Michael Kotzin, who in turn relies on the deposition testimony of Motorola engineers and various documents. *See* HTC Resp. [Dkt. # 266], Ex. 1 (Oblon Decl.), Ex. 10 ("Kotzin Report") ¶¶ 327–378. But Dr. Kotzin does not show how each step of the 216 Patent was anticipated by the Motorola synchronization method. For example, the Court construed the second step of extended synchronization—"(3.2) conducting a fine frame synchronization with fine frequency synchronization"—to mean "controlling a process to monitor and maintain the frame timing in step between the mobile station and neighboring base station while also maintaining the frequency within a desired operating accuracy between the mobile station and the neighboring base station, by producing frame shift and frequency correction parameters when crossing a cell boundary." Dr. Kotzin does not show that the Motorola invention produces "frame shift and frequency correction parameters when crossing a cell boundary." He only states that [Redacted] *Id.* ¶ 376. Dr. Kotzin's two vague and general points alleging that the Motorola synchronization method anticipated substep 3.2 of the 216 Patent are insufficient to create an issue of material fact regarding anticipation under § 102(g)(2).

Further, another part of Dr. Kotzin's report asserts that the Motorola prior art reference is found in at least two places and that one skilled in the art might combine these teachings to achieve the same

---

7. [Redacted] A group of people working to develop a process within a company can constitute an "inventor" under § 102(g)(2). *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1340–41 (Fed. Cir. 2001).

8. Even if the Motorola method does not "anticipate" the 216 Patent under § 102(g)(2), HTC contends that the Motorola synchronization method is evidence of obviousness under § 103(a). "A patent may not be obtained though the invention is not *identically* disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). HTC also maintains that GSM 05.10 v. 0.1 can be used in combination with other references to show obviousness under § 103(a).

synchronization process as that of the 216 Patent.

Though Borth [9] was silent as to how the frequency correction burst is captured in the first place, the skilled person would have combined the teachings of Arora [10] with the teachings of Borth to properly identify the point of the phase course corresponding to the beginning of the frequency correction burst. The skilled person would have realized that using the phase course would be desirable since using data other than the frequency correction burst in the fine frequency signal processing would result in frequency determination errors. While the invention in Arora did not use the phase course directly, it did use data from which a phase course would be derived. Kotzin Report ¶ 403. A patent is not "anticipated" by a prior art reference which includes multiple, distinct teachings that one skilled in the art might combine to create the claimed invention. *Net Money-IN*, 545 F.3d at 1371. Dr. Kotzin's assertion that one skilled in the art could combine two separate teachings to determine the phase course corresponding to the beginning of the frequency correction burst does not demonstrate that the 216 Patent was anticipated by prior art.

Even drawing all justifiable inferences in favor of HTC and accepting HTC's evidence as true, *see Anderson*, 477 U.S. at 255, 106 S.Ct. 2505, HTC has failed to demonstrate a material issue of fact regarding whether the Motorola synchronization method anticipates the 216 Patent

under § 102(g)(2). This affirmative defense will be rejected.

**B. HTC's Affirmative Defenses of Laches, Waiver, Estoppel, Patent Misuse and Unclean Hands**

IPCom also moves for summary judgment, seeking rejection of HTC's third (laches/waiver), fourth (estoppel), and fifth (patent misuse and unclean hands) affirmative defenses because HTC has not articulated a basis for these defenses and the parties conducted no discovery on these issues. In response, HTC contends that summary judgment is premature because (1) on July 29, 2011 it received 300 pages of documents from IPCom that are written in German and HTC needed to translate them to determine if they relate to HTC's affirmative defenses; and (2) the Court modified the discovery schedule regarding issues that arose from the Federal Circuit's denial of IPCom's petition for writ of mandamus.[11] *See* Order Regarding Schedule Relating to Certain Discovery and Summary Judgment Deadlines [Dkt. # 260].

While HTC implies that it needs more discovery or time, it did not file a motion under Federal Rule of Civil Procedure 56(d) seeking more discovery or additional time to review or translate discovery already received. *See Price v. Greenspan*, 374 F.Supp.2d 177, 183 (D.D.C. 2005) (to defeat summary judgment, a party must contest with proper evidence or must indicate why more time for discovery is needed). HTC erroneously relies on the Order

9. Dr. Kotzin refers to an article by David Borth and Phillip Rasky, titled "Signal Processing Aspects of Motorola's Pan-European Digital Cellular Validation Mobile." Kotzin Report ¶ 361.

10. Dr. Kotzin refers to U.S. Patent No. 5,241,688, invented by Avind Arora and filed on November 2, 1992.

11. IPCom filed a petition for writ of mandamus asking the Federal Circuit to vacate or reverse an order of this Court requiring that certain information be disclosed over IPCom's privilege objections. *See* Notice of Disposition of IPCom's Petition [Dkt. # 241]. The Federal Circuit denied the petition. *Id.*

extending the summary judgment briefing schedule. That Order referred only to the briefing of IPCom's motion for summary judgment regarding inequitable conduct; it did not refer to summary judgment on any other issue. *See* Order [Dkt. # 260].[12]

■ On summary judgment, a court may treat those arguments that the opposing party fails to address as conceded. *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (citing LCvR 7.1(b)). HTC did not respond to IPCom's motion for summary judgment regarding HTC's third (laches/waiver), fourth (estoppel), and fifth (patent misuse and unclean hands) affirmative defenses. By failing to file an opposition on these issues or a Rule 56(d) motion, HTC has abandoned and waived its third, fourth, and fifth affirmative defenses. Thus, summary judgment will be granted as to these defenses.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant IPCom's motion for summary judgment [Dkt. # 247, 256]. The following affirmative defenses advanced by HTC will be rejected:

(1) that the 216 Patent is invalid as anticipated under 102(g)(2);

(2) laches/waiver;

(3) estoppel; and

(4) patent misuse and unclean hands.

A memorializing Order accompanies this Memorandum Opinion. By no later than March 20, 2012, the parties shall file a motion for leave to file a redacted version of this Memorandum Opinion for Court approval and subsequent filing on the public docket.

---

12. The deadline for filing the motion for summary judgment regarding inequitable conduct was September 23, 2011, and IPCom filed that motion on a timely basis. *See* IPCom Mot. for Summ. J. that the 751 Patent is Not Unenforceable for Inequitable Conduct [Dkt. # 287]. In its opposition, HTC did not include any argument regarding its affirmative defenses of laches, waiver, estoppel, patent misuse, and unclean hands. *See* HTC Opp. [Dkt. # 291].