Thomas STEPHENSON, Plaintiff,

v.

Officer John COX and Officer William Mossburg, Defendants.

Civil Action No. 00–1921(RMU).

United States District Court, District of Columbia.

Sept. 23, 2002.

David Ebenezer George, Brookeville, MD, for Plaintiff.

Brian J. Sonfield, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

The plaintiff, Thomas Stephenson, is suing United States Park Police Officers John Cox and William Mossburg (collectively "the defendants") for damages caused by their arrest and detention of him. The plaintiff alleges that the defendants arrested and searched him without probable cause and therefore violated the plaintiff's Fourth Amendment right to be free from illegal search, seizure, and arrest. The defendants move to dismiss the amended complaint pursuant to Federal

Rule of Civil Procedure 12(b)(1)-(2), (4)-(6). For the following reasons, the court grants the defendants' motion to dismiss.

## II. BACKGROUND

On April 22, 1999, the plaintiff noticed police officers arresting one of his tenants. Am. Compl. ¶ 3. The plaintiff, a member of the Metropolitan Police Department ("MPD"), offered his assistance to defendant Officer Cox. *Id.* ¶¶ 1, 3. The plaintiff identified himself as an MPD officer and produced his identification. *Id.* ¶¶ 4–5. After examining the plaintiff's identification, Officer Cox arrested the plaintiff for impersonating a police officer and then searched him. *Id.* ¶ 6. Defendant Officer Mossburg also participated in the arrest. *Id.* ¶ 7. The defendants released the plaintiff after about 90 minutes, once they learned that he was, in fact, an officer with the MPD. Compl. ¶ 19.

The plaintiff filed this action, *pro se,* on August 9, 2000. *Id.* at 1. After obtaining counsel, the plaintiff sought leave to file an amended complaint. Pl.'s Mot for Leave to Amend. The court granted the motion and the plaintiff filed an amended complaint[1] on November 20, 2001. Mem. Op. dated Nov. 20, 2001; Am. Compl. at 1.

On December 4, 2002, the defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)-(2), (4)-(6). Defs.' Mot. to Dismiss at 1. The defendants argue that the complaint is untimely, that the plaintiff has failed to state a cognizable claim, that the defendants are entitled to qualified immunity, and that the plaintiff has not properly served the defendants with either the complaint or the amended complaint. *Id.* at 4–9. The plaintiff, represented by

counsel, failed to respond to the defendants' motion. Only after the court filed an order to show cause why the court should not treat the motion as conceded, pursuant to Local Civil Rule 7.1(b), did the plaintiff respond—five months late. Order dated Apr. 25, 2002; Pl.'s Opp'n to Defs.' Mot. to Dismiss.

## III. ANALYSIS

### A. Legal Standard for Treating Motions As Conceded

■ Local Civil Rule 7.1(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 11–days of the filing of the motion, or the court may treat the motion as conceded.[2] *Giraldo v. Dep't of Justice,* 2002 WL 1461787, at *1 (D.C.Cir. July 8, 2002) (per curiam) (citing *Fed. Deposit Ins. Corp. v. Bender,* 127 F.3d 58, 68 (D.C.Cir.1997)). When a party requests an extension of this deadline before the expiration of the 11 days, the court may exercise its discretion and extend the 11 day time period "for cause shown." FED. R.CIV.P. 6(b). If the party requests an enlargement *after* the prescribed time has expired, the party must show cause and *"excusable neglect."* FED.R.CIV.P. 6(b) (emphasis added). A district court has considerable discretion in deciding how to maintain control of its docket. *Jackson v. Finnegan,* 101 F.3d 145, 154 (D.C.Cir. 1996). When presented with a response filed late and without a request for an extension of time, a district court may reject the response and, consequently, treat the motion as conceded. *Bender,* 127 F.3d at 67–68 (treating a motion for summary judgment as conceded, pursuant to Local Civil Rule 108(b)[3]).

---

1. Though the amended complaint is titled Second Amended Complaint for Violation of Constitutional Right, the plaintiff never filed a first amended complaint.

2. Three days are added to the prescribed period when service is by mail. FED.R.CIV.P. 6(e).

3. Local Civil Rule 108(b) is the predecessor of Local Civil Rule 7.1(b).

■ A party who fails to file a timely response "is deemed to have waived his opposition to the [motion]." *Weil v. Seltzer*, 873 F.2d 1453, 1459 (D.C.Cir.1989) (discussing a motion in limine) (cited by *Bender*, 127 F.3d at 67–68, in the context of a motion for summary judgment). Accordingly, the D.C. Circuit has stated, "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C.Cir.1997). Furthermore, when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case. *Sparrow v. United Air Lines, Inc.*, 1999 U.S. Dist. LEXIS 22054, at *17 (D.D.C. July 23, 1999), *overruled on other grounds*, 216 F.3d 1111 (D.C.Cir.2000); *Hanson v. Greenspan*, 1991 WL 274267, at *3 (D.D.C. Dec. 6, 1991).

## B. The Plaintiff Has Conceded the Defendants' Motion to Dismiss

The plaintiff, while represented by counsel, has twice failed to comply with Local Civil Rule 7.1(b). First, the plaintiff failed to respond to the defendants' motion within the time prescribed. LCvR 7.1(b); FED. R.CIV.P. 6(e). Second, when the plaintiff finally did respond to the motion to dismiss, he did not address all of the grounds for dismissal.

The defendants filed a motion to dismiss on December 4, 2001. By April 25, 2002, more than four months after the prescribed deadline, the plaintiff still had not responded. At this point, the plaintiff had waived any objection to the motion to dismiss. LCvR 7.1(b). Giving the plaintiff the benefit of the doubt, the court ordered the plaintiff to show cause why the court should not treat the motion as conceded pursuant to Local Civil Rule 7.1(b). Order

dated Apr. 25, 2002. The court's order also directed the plaintiff to file a response to the motion to dismiss. *Id.*

On May 15, 2002, the plaintiff filed a response to both the order to show cause and the motion to dismiss. Responding to the order to show cause, the plaintiff failed to provide any reason why the court should not treat the motion as conceded. Pl.'s Response to Order dated Apr. 25, 2002 at 1. The plaintiff's only arguments were that: he had finally filed a response, "substantive rights are involved herein and adjudication on the merits would be the appropriate avenue for disposition of this matter," and "in the interests of justice this matter should be permitted to take its natural course." *Id.* The plaintiff neither cited to nor discussed any law or facts other than Local Civil Rule 7.1(b). *Id.* Significantly, the plaintiff never explained why his response was five months late. *Id.*

■ A district court may exercise its discretion and decide not to consider a late-filed response that falls short of the requirements of Rule 6(b). *Bender*, 127 F.3d at 67–68. By failing to demonstrate that his "neglect" was "excusable," the plaintiff failed to provide any grounds for accepting the late-filed opposition. *Id.*; FED.R.CIV.P. 6(b). As a result, the court rejects the plaintiff's response, treats the defendants' motion to dismiss as conceded, and dismisses the case.

■ In the alternative, even if the court were to consider the plaintiff's response, the outcome would remain the same. This is because once the plaintiff finally did respond to the defendants' motion to dismiss, he failed to address three of the four substantive arguments favoring dismissal of the entire case—lack of subject-matter jurisdiction, failure to state a cognizable claim, and qualified immunity—other than to state, "plaintiff disputes all of what De-

fendants state." Defs.' Mot. to Dismiss at 4–9; Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1–2. The 19–line opposition neither cites to nor discusses any law whatsoever, and mentions almost no facts. *Id.* The few facts discussed in the plaintiff's opposition appear misplaced, often mistaking the motion to dismiss for an opposition to a motion for leave to amend. *Id.* ¶ 3–4.

The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss. Consequently, the court treats the above-mentioned three arguments for dismissal, which lead to the dismissal of the case, as conceded. LCvR 7.1(b); *Bender,* 127 F.3d at 67–68; *Sparrow,* 1999 U.S. Dist. LEXIS at *17; *Hanson,* 1991 WL 274267 at *3.

## IV. CONCLUSION

For all these reasons above, the court grants the defendants' motion to dismiss as conceded. An Order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously executed this 23rd day of September 2002.

### *ORDER*

#### GRANTING THE DEFENDANTS' MOTION TO DISMISS

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 23rd day of September 2002, it is

**ORDERED** that the defendants' motion to dismiss is **GRANTED.**

**SO ORDERED.**