**Shirley A. RAMSEUR, Plaintiff,**

v.

**Hector BARRETO, Administrator, U.S. Small Business Administration, Defendant.**

**Civ.A. No. 00–0240 DAR.**

United States District Court, District of Columbia.

June 30, 2003.

---

Richard A. Salzman, Heller, Huron, Chertkof, Lerner, Simon & Salzman, Washington, DC, for Plaintiff.

Beverly M. Russell, U.S. Attorney's Office, Washington, DC, for Defendant.

## ORDER

ROBINSON, United States Magistrate Judge.

By an order filed on April 21, 2003 (Docket No. 74), the undersigned ordered Defendant to show cause, no later than May 1, 2003, why Plaintiff's Petition for Relief and Attorney's Fees and Costs ("Plaintiff's petition") should not be treated as conceded in accordance with LCvR 7.1(b). On May 1, Defendant moved for an enlargement of time, to and including May 15, 2003, in which to respond to the show cause order (Docket No. 75). The undersigned granted Defendant's

motion by an order filed on May 5, 2003 (Docket No. 76).

On May 15, Defendant filed his response to the undersigned's show cause order. In it, Defendant conceded that his responses to Plaintiff's petition and Supplemental Memorandum on the Impact of Taxes on the Award of Attorneys' Fees ("Plaintiff's supplemental memorandum") were due to be filed by March 27, 2003.[1] Without seeking and obtaining leave of the court to do so, Defendant included in the same memorandum his overdue responses to Plaintiff's petition and supplemental memorandum.[2] The undersigned therefore ordered that Defendant's responses to Plaintiff's petition and supplemental memorandum be stricken from the record. May 16, 2003 Order (Docket No. 79) at 2. The undersigned further ordered that any motion for enlargement of time in which to file the responses be filed no later than May 20, 2003. Id. at 3.

On May 20, Defendant moved "to reinstate" his response to the Court's show cause order;[3] "to reinstate" his responses to Plaintiff's petition and supplemental memorandum; and for an enlargement of time "to respond to [P]laintiff's petition for relief and attorney's fees." Defendant's Motion to Reinstate its "Response to the Court's Order to Show Cause, Plaintiff's Petition for Relief and Attorney's Fees and Costs, and Plaintiff's Supplemental Memorandum on the Impact of Taxes on the Award of Attorney [sic] Fees" and for Enlargement of Time to Respond to Plaintiff's Petition and Memorandum in Support Thereof (Docket No. 81) at 1.[4] Defendant offers no authority for entry of an order "to reinstate" a document stricken from the record on the ground that the document was untimely filed.[5] As grounds of his

1. Defendant's Response to the Court's Order to Show Cause (Docket No. 78, Part 1) at 3.

2. By an order filed on December 11, 2002 (Docket No. 71), the undersigned granted Plaintiff's motion for leave to file the supplemental memorandum. By the same order, Defendant was directed to respond to the supplemental memorandum when his response to Plaintiff's Petition for Relief and Attorney's Fees and Costs was required. Id.

3. Defendant's response to the show cause order had not been stricken. See May 16, 2003 Order at 2–3.

4. Defendant does not expressly move for an enlargement of time in which to file his response to Plaintiff's supplemental memorandum.

5. In an apparent act of defiance of the order striking Defendant's responses to Plaintiff's petition and supplemental memorandum, Defendant included the stricken material as an "Attachment" to the motion.

motion for enlargement of time to respond to Plaintiff's petition, Defendant submits that assigned counsel "inadvertently overlooked the fact that the time for defendant to respond to plaintiff's petition had been triggered by [the March 12, 2003 Order denying Defendant's motion to amend the judgment or for remittitur][.]" Defendant's Motion for Enlargement of Time at 4. Defendant characterizes counsel's omission as "simply a regrettable oversight, in no way done in bad faith." *Id.*

## DISCUSSION

### *Rule 6(b)(2) of the Federal Rules of Civil Procedure*

Defendant devotes more than a page of his argument to a discussion of "excusable neglect," and acknowledges that "excusable neglect" is the standard which governs the determination of a motion for enlargement of time made after the expiration of the prescribed period. Defendant's Motion for Enlargement of Time at 2–3. However, conspicuous by its absence is any contention that counsel's action in "inadvertently overlook[ing]" a filing deadline—to be reminded of it only by a show cause order some three weeks later—constitutes "excusable neglect"; nor does Defendant cite any decision in which any judge of this court has so held.

If a motion for enlargement is filed after the expiration of the prescribed date or period, then the court may permit the act to be done "where the failure to act was the result of excusable neglect[.]" FED.R.CIV.P. 6(b)(2); *Stephenson v. Cox*, 223 F.Supp.2d 119, 120 (D.D.C.2002); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 39 (D.D.C.1999) (motions for extension filed two weeks after deadline had passed were "unacceptable"); *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151–52 (D.C.Cir.1996) (district court has broad discretion in the management of its docket consistent with concerns of the Supreme Court and Congress "for the fair and efficient administration of justice"). Upon consideration of these authorities, the undersigned finds that Defendant has failed to make the requisite showing of excusable neglect and accordingly, Defendant's motion for enlargement of time will be denied. Were

the court to find that counsel's act of "inadvertently overlook[ing]" a filing deadline is "excusable neglect," then the standard would be rendered meaningless. Moreover, a finding of "excusable neglect" in this instance would be particularly incongruous, since the date on which Defendant's responses to Plaintiff's petition and supplemental memorandum were due was a date of Defendant's own choosing.

### *Local Civil Rule 7.1(b)*

Defendant relies upon the same explanation in his response to the show cause order that he does in his motion for enlargement of time, and in addition, appears to blame the Court for counsel's "regrettable oversight[.]" Defendant's Response to the Court's Order to Show Cause (Docket No. 78, Part 1) at 3 ("Because of the almost eight month period that intervened between the granting of the extension request ... and the March 12, 2003 entry of the Order denying [D]efendant's motion for amendment or remittitur, the undersigned counsel assigned [to] this matter inadvertently overlooked the fact that the time for [D]efendant to respond to [P]laintiff's petition had been triggered[.]").

However, Defendant cites no authority which suggests that a district court exceeds the bounds of its discretion by treating a motion as conceded where the only explanation for the opposing party's failure to file a timely opposition is that counsel "overlooked" the filing deadline "because of" the period of time which preceded the ruling which "triggered" the opposing party's filing requirement. Indeed, the District of Columbia Circuit "has yet to find that a district court's enforcement of [LCvR 7.1(b)] constituted an abuse of discretion." *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C.Cir.1997) (citations omitted); *accord, McCoy v. Read*, No. 02–5365, 2003 WL 21018864, at *1 (D.C.Cir. April 29, 2003) (discretion to enforce LCvR 7.1(b) rests entirely with the district court). This court has treated motions as conceded where, as here, the opposing party failed to demonstrate excusable neglect in the untimely filing of an opposition. *Stephenson*, 223 F.Supp.2d at 121 (citation omitted) ("A district court may exercise its discretion and decide not to consider a late-filed response that falls short

of the requirements of Rule 6(b))."); *Blackman*, 59 F.Supp.2d at 40 (Defendants deemed to have waived arguments they might have otherwise made by their failure to comply with FED.R.CIV.P. 6(b)). The undersigned, having found that Defendant's motion for enlargement of time in which to file an opposition to Defendant's petition was not supported by the requisite showing of excusable neglect, will also exercise the Court's discretion to treat Plaintiff's petition as conceded.[6]

## CONCLUSION

For the foregoing reasons, it is, this ___ day of June, 2003,

**ORDERED** that Defendant's Motion for Enlargement of Time (Docket No. 81, Part 2) is **DENIED;** and it is

**FURTHER ORDERED** that Defendant's Motion to Reinstate his stricken responses (Docket No. 81, Part 1) is **DENIED;** and it is

**FURTHER ORDERED** that Plaintiff's Petition for Relief and Attorney's Fees and Costs (Docket No. 46) is **TREATED AS CONCEDED** in accordance with LCR 7.1(b), and is hereby **GRANTED;** and it is

**FURTHER ORDERED** that Plaintiff is awarded relief, including attorney's fees, in accordance with the Remedial Order filed on this date.

---

6. No provision of LCvR 7.1(b) requires that the Court provide the opposing party with an opportunity to show cause why a motion should not be treated as conceded. If the application of LCvR 7.1(b) could be avoided by the proffer that the opposing party's counsel "overlooked" the prescribed filing deadline, then the Court would be expected to routinely remind counsel, by the issuance of a show cause order, of the missed deadline. Such a practice would be antithetical to counsel's professional responsibility to comply with the Court's scheduling orders.

