## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRANDON A.,[1]

    Plaintiff,

v.

KILOLO J. KIJAKAZI, Acting
Commissioner of Social Security,

    Defendant.

Case No. 22-cv-3863-RMM

## MEMORANDUM OPINION

Plaintiff Brandon A. ("Mr. A.") brought this case seeking judicial review of a decision of

the Commissioner of Social Security (the "Commissioner") to deny his Disability Insurance

Benefits. *See* Compl. ¶¶ 3–6, ECF No. 1. He moved for entry of a judgment reversing the

Commissioner's decision or, in the alternative, remanding the decision for further administrative

proceedings, on the theory that the Commissioner's decision was arbitrary and capricious and

was not supported by substantial evidence. *See* Mot. for J. of Reversal, ECF No. 10. Rather than

respond to Mr. A.'s motion, the Commissioner filed a Motion to Remand, requesting that the

Court remand Mr. A.'s claim "so that the Commissioner may remand the claim to an

administrative law judge to hold a new hearing and issue a new decision." Mot. for Remand at

1, ECF No. 12. Mr. A. does not oppose the Commissioner's motion. *See id.*

---

[1] Plaintiff's name has been partially redacted in keeping with the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Mem. from Hon. Wm. Terrell Hodges, Chair, Comm. on Ct. Admin. & Case Mgmt., to Chief Judges of the U.S. Cts. of Appeals, Chief Judges of the U.S. Dist. Cts., Clerks of the U.S. Cts. of Appeals, and Clerks of the U.S. Dist. Cts. (May 1, 2018), *available at* https://www.uscourts.gov/sites/default/files/18-ap-c-suggestion_cacm_0.pdf.

This Court has "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" pursuant to the fourth sentence of 42 U.S.C. § 405(g). A sentence-four remand is appropriate only in conjunction with a final judgment on the Commissioner's decision to deny benefits. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991). For that reason, a "substantive ruling on the correctness of [the Commissioner's] decision" is a "necessary prerequisite to a sentence-four remand." *Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) (citing *Melkonyan*, 501 U.S. at 98–101).

The Commissioner has conceded that her decision was incorrect in this matter. Under this Court's local rules, when an argument is advanced in support of a motion and the opposing party fails to counter the argument in a timely opposition brief, the court may treat the argument as conceded, even if the result is dismissal of the entire case. *See* Local Civil Rule 7(b); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (collecting cases); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) (same). The Commissioner's response to Mr. A.'s Motion for Judgment of Reversal was due by June 12, 2023. *See* April 24, 2023 Min. Order. The Commissioner has not filed an opposition. She has thus conceded the arguments in Mr. A.'s motion and brief in support.

Judge James E. Boasberg referred this case to the undersigned for all purposes. *See* April 24, 2023 Min Order. For the reasons set forth above, it is hereby **ORDERED** that Mr. A.'s Motion for Judgment of Reversal is **GRANTED**. Consistent with sentence four of Section 405(g) and the Commissioner's unopposed motion for remand, it is further **ORDERED** that the

Commissioner's Motion for Remand is **GRANTED**, and this matter shall be **REMANDED** for further administrative proceedings.


Date:   June 14, 2023

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE
