McLEESE, Associate Judge:
Appellants Rufus and Delores Stancil brought this action against appellee First Mount Vernon Industrial Loan Association ("FMV”). The Stancils initially sought to prevent FMV from foreclosing on a commercial property that the Stancils had purchased. After the trial court declined to prevent a foreclosure sale, the Stancils sought to recover damages, claiming among other things that FMV had made fraudulent misrepresentations and had breached an oral agreement to forbear from foreclosure. The trial court granted FMVs motion to dismiss the amended complaint for failure to state a claim, and the Stancils appealed. We affirm in part and reverse in part.
I.
Because we are reviewing an order granting a motion to dismiss for failure to state a claim, we take the facts as alleged in the complaint. Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 62 (D.C.2005). According to the complaint, the Stancils borrowed $500,000 from FMV in April 2009 to purchase a property in the District of Columbia. The note executed in connection with the transaction provided for an annual interest rate of 18% and a default annual interest rate of 24%.
After concluding that the Stancils were in default, FMV took steps to foreclose on the property. In June 2011, however, the Stancils and FMV entered into an oral contract pursuant to which the Stancils paid FMV $170,000 and FMV agreed to modify the terms of the note and to forbear from foreclosing on the property. The $170,000 payment reflected a $100,000 charge for attorney’s fees, a $20,000 fee to FMV, and $50,000 payment as consideration for the forbearance agreement. The $100,000 charge for attorney’s fees related to a provision in the note making the Stan-cils responsible, in the event of a default, for “all costs of collections, including ... attorney’s fees of at least 20% of the outstanding indebtedness'....” Before the Stancils made the $170,000 payment, FMV promised to reduce the forbearance agreement to writing, and the Stancils relied on that promise in making the payment. Despite its promise, FMV failed to reduce the forbearance agreement to writing. FMV later foreclosed on the property, which was sold in January 2012.
In pertinent part, the complaint raises the following claims: (1) fraudulent misrepresentation with respect to the $100,000 charge for attorney’s fees, because there was no evidence that FMV incurred expenses for attorney’s fees, and the “fee was unnecessary, inappropriate, ... not default service related[,] and ... clearly fraudulent ....”; (2) fraudulent misrepresentation with respect to the $50,000 payment for foreclosure forbearance, because FMV refused to acknowledge receipt of the payment; (3) wrongful foreclosure, be *870 cause the foreclosure violated various statutory requirements and was a breach of the oral forbearance agreement; (4) breach of the oral forbearance agreement; and (5) fraudulent misrepresentation, because FMV never intended to honor the oral forbearance agreement.[1]
The trial court granted FMV’s motion to dismiss the complaint for failure to state a claim. As to the claim of fraudulent misrepresentation with respect to the $100,000 charge for attorney’s fees, the trial court concluded that the Stancils had not identified any false statement upon which they had relied. As to the claim for wrongful foreclosure, the trial court rejected the Stancils’ statutory claims, which the Stan-cils have not renewed on appeal. The trial .court, did not expressly address the.Stan-cils’ claim that .the foreclosure was. wrongful because it violated the oral forbearance agreement.[2] As to the claim of breach of the oral forbearance agreement, the trial court relied on the statute of frauds, D.C.Code § 28-3502 (2012 Repl.) (action may not be brought to enforce agreement concerning real estate unless.agreement is in writing). The trial court acknowledged that oral agreements concerning real estate may in some circumstances be enforceable on estoppel grounds, but saw no basis for estoppel in this case. Finally, with respect to the claims of fraudulent misrepresentation regarding the oral forbearance agreement, the trial court relied on the parol-evidence rule, which precludes introduction of “extrinsic or parol evidence which tends to contradict, vary, add to, or subtract from the terms of a written contract. ...” Segal Wholesale, Inc. v. United Drug Serv., 933 A.2d 780, 783 (D.C.2007) (internal quotation marks omitted).
II.
This court reviews de novo, the trial court’s decision to dismiss a complaint for failure to state a claim. See Jordan Keys & Jessamy, 870 A.2d at 62. We accept the allegations in the complaint as true and view all facts and draw all reasonable inferences in favor of the plaintiff. Id.
A.
We affirm the trial court’s dismissal of the claim of fraudulent misrepresentation as to the $100,000 charge for attorney’s fees (count II). “To prove a claim of fraudulent misrepresentation, [plaintiffs] must prove (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken by [the plaintiffs] in reliance upon the representation, (6) which consequently resulted in provable damages.” Railan v. Katyal, 766 A.2d 998, 1009 (D.C.2001) (internal quotation marks omitted). With respect to the charge for attorney’s fees, the trial court correctly concluded that the Stancils did not identify any fraudulent misrepresentation upon which they detrimentally relied. To the contrary, the $100,000 charge was based on the express language of the note, which provides that, in the event of a default, the Stancils would be responsible for “all costs of collections, including ... attorney’s fees of at least 20% of the outstanding indebtedness .... ” We agree with the trial court that the complaint did not state a claim of *871 fraudulent misrepresentation with respect to attorney’s fees. See, e.g., Schiff v. American Ass’n of Retired Persons, 697 A.2d 1193, 1198 (D.C.1997) (upholding dismissal of fraud claim, where complaint did not sufficiently allege that defendant made false representation).
On appeal, the Stancils suggest in passing that the fee provision is unconscionable and that the note should not be interpreted to permit a charge for attorney’s fees that exceeds the actual amount of the attorney’s fees incurred by FMV. The. Stancils, however, do not.brief those claims on the merits,[3] Nor do the Stancils address the question whether the complaint adequately raised those claims. We therefore do not view those issues as properly before us. See, e.g., Arroyo-Torres v. Ponce Fed. Bank, 918 F.2d 276, 279 (1st Cir.1990) (in upholding dismissal of complaint, court declines to consider claims presented for first time on appeal); Bardoff v. United States, 628 A.2d 86, 90 n. 8 (D.C.1993) (issues raised in brief but not supported by argument are considered abandoned); D.C.App. R. 28(a)(8)(A) (2013) (appellant’s brief must contain “appellant’s contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies”).
In any event, the complaint did not adequately allege any claim as -to attorney’s. fees other than fraudulent misrepresentation. The complaint did refer to the attorney’s fees as “unearned” and “inappropriate,” but there is no indication that those references were meant to support discrete theories of liability beyond a claim of fraudulent misrepresentation. In its motion to dismiss, FMV interpreted the complaint as raising only a claim of fraudulent misrepresentation with respect to attorney’s fees. In opposing the motion-to dismiss, the Stancils did not dispute FMV’s reading of the complaint, and in fact made no reference to the fees being either “unearned” or “inappropriate.” Under the circumstances, we cannot fault the trial court for interpreting the complaint as raising only a claim of fraudulent misrepresentation with respect to attorney’s fees. See, e.g., Iverson v. City of Boston, 452 F.3d 94, 102-03 (1st Cir.2006) (rejecting appellants’ claim that trial court erred by granting motion to dismiss without addressing alternative theory of liability alleged in complaint; “District judges are not expected to be clairvoyants[,] and [a passing reference in the complaint] was too inscrutable a reference to state a ... claim”; moreover, appellants failed to *872 mention alternative theory in opposing defendant’s motion to dismiss, and that failure “defeats their belated attempt to advance the theory on appeal”); see generally Bible Way Church of Our Lord Jesus Christ v. Beards, 680 A.2d 419, 430 (D.C.1996) (although complaint must be liberally construed, complaint may be dismissed if it fails to give defendant notice of nature of claim).
B.
We reverse the trial court’s dismissal of the complaint with respect to the remaining counts at issue: fraudulent misrepresentation as to the $50,000 payment relating to the forbearance agreement (count III); wrongful foreclosure based on the breach of the forbearance agreement (count IV); breach of the forbearance agreement (count V); and fraudulent misrepresentation with respect to the forbearance agreement (count VI). The trial court dismissed these claims, which overlap to a substantial degree, on two grounds: the parol-evidence rule and the statute of frauds. We conclude that neither ground justifies dismissal.
1.
Under the District of Columbia’s parol-evidence rule, terms “set forth in a writing intended by the parties as a final expression of their agreement ... may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement[,] but may be explained or supplemented— ” D.C.Code § 28:2-202 (2012 Repl.). The trial court relied on this rule to reject the Stancils’ claim that $50,000 of the payment they made to FMV was consideration for an oral forbearance agreement. Specifically, the trial court viewed itself as “statutorily obligated” to accept FMV’s claim that the $50,000 payment was simply a payment toward the amount still owed under the note. We disagree.
The parol-evidence rule does not preclude proof of a subsequent oral modification of a written contract, which is what the Stancils allege occurred in this case. As this court has explained,
[A] written contract may be orally modified or rescinded by a subsequent oral agreement, even where the contract contains express language prohibiting oral modification.... The justification for this rule is that the existence of an express bar against oral modification does not remove the parties’ continuing rights to contract anew on the subject and to modify or rescind the oral modification provision like any other term of the contract.
Clark v. Clark, 535 A.2d 872, 876 (D.C. 1987). Thus, the parol-evidence rule would not necessarily have barred proof of a subsequent oral modification of the note in this case even if the note had required that modifications be in writing. In any event, the note expressly refers to the possibility of modification, but does not require that modifications be in writing. The parol-evidence rule therefore did not require the trial court to accept as true FMV’s assertion that the $50,000 payment was a payment toward principal rather than a payment made in connection with a subsequent oral forbearance agreement. To the contrary, for purposes of the motion to dismiss, the trial court was required to accept as true the Stancils’ assertion that the payment was made in connection with the oral forbearance agreement. See Jordan Keys & Jessamy, 870 A.2d at 62.
2.
In dismissing the complaint, the trial court also relied on the statute of frauds. “The statute of frauds mandates *873 that certain agreements, including those concerning real estate, must be in writing to guard against perjury and protect against unfounded and fraudulent claims.” Railan, 766 A.2d at 1007 (internal quotation marks omitted). See generally D.C.Code § 28-3502 (2012 Repl). The Stancils contend that FMV is estopped from invoking the statute of frauds, because FMV promised that it would reduce the oral forbearance agreement to writing but then did not fulfill that promise. See generally Railan, 766 A.2d at 1007-08 (“There are several situations where courts may refuse to allow the defendant to interpose a statute of frauds defense ... [, including] where his own fraud was responsible for the nonexistence of the required signed memorandum_”) (internal quotation marks omitted).
The trial court rejected the Stancils’ es-toppel claim, explaining that FMV’s failure to honor the oral forbearance agreement would not by itself constitute the kind of fraud giving rise to estoppel. The trial court appears to have overlooked a critical aspect of the Stancils’ argument: that FMV promised to reduce the oral forbearance agreement to writing, that the Stan-cils relied on that promise in making the $170,000 payment in connection with the forbearance agreement, and that FMV fraudulently failed to reduce the forbearance agreement to writing. This court’s cases indicate that such conduct can, if proven, provide a basis for estopping a party from invoking the statute of frauds. See generally, e.g., Railan, 766 A.2d at 1007-08.
FMV argues that the Stancils’ estoppel argument fails as a matter of law, because, the Stancils have not alleged that they detrimentally relied upon the oral forbearance agreement. We doubt the correctness of FMVs assumption that detrimental reliance on the underlying oral agreement is generally required in cases involving a fraudulent promise to reduce an -oral agreement to writing. First, this court has treated proof that the plaintiff detrimentally relied upon an oral agreement as an independent basis upon which a defendant can be estopped from invoking the statute of frauds. Landow v. Georgetown-Inland W. Corp., 454 A.2d 310, 313 n. 3 (D.C.1982). Requiring proof of such detrimental reliance in the category of cases involving a fraudulent promise to reduce an oral agreement to writing, would seemingly make that category of cases superfluous.
Second, Railan did not hold that detrimental reliance on the underlying oral agreement is a general prerequisite to es-toppel In cases ' involving a fraudulent promise to reduce an oral agreement to writing; To the contrary, the court said without qualification that a defendant cannot invoke the statute of frauds if the defendant’s fraud is responsible for the non-existence of the required writing, and did not say that in addition the plaintiff must prove that it detrimentally relied on the underlying oral agreement. 766 A.2d at 1007-08.'
It is true that the court in Railan concluded that the defendant was not es-topped from invoking the statute of frauds, despite the plaintiffs allegation that the defendant had promised to reduce an oral agreement to writing. 766 A.2d at 1007-09. That conclusion; however, turned on the particular circumstances of Railan, rather than, on a broad requirement that proof that the plaintiff detrimentally relied on the underlying agreement is always required in order for the defendant to be estopped- from relying on the statute of frauds.
According to the plaintiff in Railan, (1) the parties reached an oral agreement in connection with the defendant’s purchase *874 of a note from the bank relating to the plaintiffs property; (2) a week after the purchase of the note; the plaintiff took some handwritten: notes concerning further details - of the oral agreement, but then discarded those notes- the same day; (3) later that day,' the defendant indicated a willingness to reduce the oral agreement to writing; and (4)¡even later that day, the defendant refused to reduce the oral agreement to writing. 766 A.2d at 1002-03, 1008-09. In rejecting the plaintiffs claim that the defendant was- estopped from invoking the statute of.frauds,¡this court pointed out the plaintiff had failed to show detrimental reliance on the underlying oral agreement. 766 A.2d at 1009. The qourt also.pointed out that the defendant’s failure to reduce the oral agreement to writing “would not make, a difference as a matter of law,” because the promise to reduce the oral agreement to writing, occurred after - the underlying oral agreement and the purchase of the note at issue. Id. Put differently, the court concluded that the record did not permit a finding that “fraud was responsible for the nonexistence of the required writing.” Id. Railan thus does not foreclose the possibility that estoppel could be warranted even if detrimental reliance on the underlying oral agreement could not'be shown. For example, Railan does not address whether estoppel would be warranted if a fraudulent promise to reduce an- oral agreement to writing induced the plaintiff to enter into the oral agreement in the first place,-or if-the-defendant’s fraudulent promise to reduce the oral agreement to writing lulled the plaintiff into failing to itself memorialize the oral agreement in wilting.
In any event, we need not decide whether proof of detrimental reliance on the undérlying oral agreement is required in cases involving a fraudulent promise to reduce an oral agreement to writing. The Stancils alleged detrimental reliance in their complaint, specifically claiming that they paid $170,000 to FMV in reliance on the oral agreement to forbear. In its brief on appeal, FMV appears to suggest that the $170,000 payment could not constitute detrimental reliance,' because the Stancils had defaulted and thus were already obliged under the note to make that payment. The trial court did not address that issue. We view the issue as best left for the trial' court in the first instance on remand, particularly given that a proper analysis of the issue might depend on the resolution of disputes between the parties about the purpose and nature of the $170,000 payment.[4]
Finally, FMV argues that the' surviving fraudulent-misrepresentation counts (counts III and VI) should be dismissed *875 because the Stancils failed to allege the elements of fraud. The trial court did not address that argument, and we decline to decide it in the first instance. We do note, however, that FMVs argument is not obviously correct. Although the Stancils’ amended complaint is not entirely clear, it adequately alleges that FMV agreed that if the Stancils paid $170,000 FMV would forbear from foreclosing; that FMV also promised to reduce the forbearance agreement to writing; that FMV intended all along to foreclose, anyway and never intended to reduce the forbearance agreement to writing; and that the Stancils paid. $170,000 to FMV in reliance upon FMVs promises. Such allegations, if proven, arguably would make out a claim of fraudulent misrepresentation. See generally, e.g., Virginia Acad. of Clinical Psychologists v. Group Hospitalization & Med. Servs., Inc., 878 A.2d 1226, 1234 (D.C.2005); cf. In re Estate of McKenney, 953 A.2d 336, 341 (D.C.2008) (discussing contractual misrepresentation).
3.
For the foregoing reasons, we conclude that the trial court erred in granting the motion to dismiss based on the parol-evi-dence rule and the statute of frauds. - We therefore reverse and remand for further proceedings with respect to the counts alleging fraudulent misrepresentation as to the $50,000 payment- relating to the forbearance agreement (count III); wrongful foreclosure based on the breach of. the forbearance agreement (count' IV);[5] breach of the forbearance agreement (count V); and fraudulent misrepresentation with respect to the forbearance agreement (count VI). Moreover, for the reasons explained in Part II.A, we affirm the trial court’s dismissal of the claim of fraudulent misrepresentation as to the $100,000 charge for attorney’s fees (count II).

So ordered.

. The Stancils also raised other claims and theories that are ho longer at issue.

. The claim of wrongful foreclosure based on the oral forbearance agreement appears to be largely duplicative 'of the claim of breach of contract resting on the same agreement. As we discuss infra, the trial court did address the latter claim, concluding that the claim was barred by the statute of frauds.

. Although the Stancils do not cite it, there is support for the suggestion that FMV was not entitled to receive payment in excess of the fees actually incurred. See F.D.I.C. v. Bender, 326 U.S.App.D.C. 390, 395-96, 127 F.3d 58, 63-64 (1997) ("Unlike some jurisdictions, which hold that a contractual provision for a fixed percentage to be paid as attorneys' fees is enforced according to its terms, ... the D.C. Court of Appeals has long held that in the District such provisions are sustained ‘only as an indemnity for the reasonable fees necessarily and properly paid or incurred,’ ....”) (quoting United States v. Reed, 31 A.2d 673, 675 (D.C.1942)); Richard A. Lord, 24 Wittistan on Contracts § 65.23, at 324-25 (4th ed. 2002) (“[I]f the amount [of a charge for attorney’s fees stipulated in a note or contract in the event of breach] is deemed to be penal, either because of its size, or because the creditor was not compelled to pay an attorney the stipulated fee, the provision will be held unenforceable as a penalty, and the creditor entitled, at most, only to a reasonable fee actually paid by him or her.”) (footnotes omitted); cf. District Cablevision Ltd. P’ship v. Bassin, 828 A.2d 714, 724 (D.C.2003) (“For a liquidated damages clause to be valid and enforceable, and not void as a penalty, the common law insists that the liquidated damages must not be disproportionate to the level of damages reasonably foreseeable at the time of the making of the contract.”) (internal quotation marks omitted).

. Courts in other jurisdictions appear to have taken varying approaches to the .question whether payments made as part of a forbearance agreement can constitute detrimental reliance. Compare, e.g., Odimbur v. Wells Fargo Bank, No. CV 11-04581, 2012 WL 680057, at *4 (C.D.Cal. Mar. 1, 2012) (rejecting defendant’s motion to dismiss promissory-estoppel ' claim, where defendant promised not to foreclose if plaintiff made certain installment payments on mortgage), with Beck v. Wells Fargo Home Mortg., N.A., No. 10-CV-2150, 2010 WL 5340563, at *2 (S.D.Cal. Dec. 10, 2010) (holding plaintiffs alleged payment of $6,000 to bank to defer foreclosure process could not constitute detrimental reliance, because plaintiff was already required to make such payment under mortgage agreement,. and plaintiff conceded payment was not made to reinstate loan); cf. Solomon v. Aurora Loan Servs, LLC, No. CIV. 2:12-209, 2012 WL 2577559, at *6 (E.D.Cal. July 3, 2012) (holding plaintiff sufficiently alleged detrimental reliance, where plaintiff asserted that she could have paid arrearage to reinstate her loan, but instead relied on defendant’s promise that it would not foreclose on plaintiff’s property while loan-modification application was pending).

. As previously noted, the Stancils have not challenged on appeal the trial court’s dismissal of their claims that the foreclosure was wrongful on statutory grounds. We therefore leave that ruling undisturbed, and remand on count IV only with respect to the claim of wrongful foreclosure based on the forbearance agreement.