432

Denicole YOUNG and Vanessa
Ghee, Appellants

v.

William F. BURTON, Esq. and Lewis
& Tompkins, P.C., Appellees.

No. 08–7113.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 14, 2009.

Peter Christopher Grenier, Bode & Gre-
nier, Washington, DC, for Appellants.

Deborah Murrell Whelihan, Jordan
Coyne & Savits, Ali Abed Beydoun, Paul J.

Maloney, William Joseph Carter, Carr Ma-
loney PC, Washington, DC, for Appellees.

Before: ROGERS, TATEL and
BROWN, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the rec-
ord from the United States District Court
for the District of Columbia and on the
briefs and oral arguments by the parties.
It is

ORDERED AND ADJUDGED that the judg-
ment of the District Court be affirmed.
Appellants in their suit for legal malprac-
tice had the burden of proving their under-
lying claim would have succeeded but for
the conduct of Appellees. *See Niosi v.
Aiello,* 69 A.2d 57, 60 (D.C.1949). To that
end, Appellants offered expert witness tes-
timony to demonstrate causation between
conditions at their former apartment and
various health problems. *See Young v.
Burton,* 567 F.Supp.2d 121, 122 (D.D.C.
2008). The District Court thoroughly con-
sidered the reliability of that testimony
under the framework established by *Dau-
bert v. Merrell Dow Pharmaceuticals, Inc.,*
509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d
469 (1993). The expert admitted he could
not identify, five years later, the specific
toxins to which Young and Ghee were ex-
posed and he could not say which of their
symptoms were caused by exposure to the
damp environment of the apartment. *See
Young v. Burton,* 567 F.Supp.2d 121, 138–
39 (D.D.C.2008) (mem. op. granting motion
to exclude testimony). As the District
Court observed, even taking a "broad view
of 'substance' to include 'water-damaged
building' and [accepting] 'mold-illness' as a
real disease" there is no generally accept-
ed consensus in the scientific community
that "exposure to a water-damaged build-
ing causes 'mold-illness.'" *Id.* at 138.
Clearly, the court did not abuse its discre-

tion by excluding testimony that, based on the expert's own admissions, "would be nothing other than speculation." *Id.* at 141.

The exclusion of Appellants' expert's testimony could not be cured by substituting selective portions of statements from Appellees' medical expert. Those statements, in context, could not be "stretched to satisfy [Appellants'] burden of proof as to causation." *Young v. Burton,* No. 07–0983, slip op. at 1, 2008 WL 4144478 (September 8, 2008) (mem. op. granting summary judgment). Nor could Appellants' claims survive in the absence of expert testimony on causation, based only on a temporal link between a possible short-term irritant response and a breach of the implied warranty of habitability. Under District of Columbia law, the link between a potentially toxic building environment and symptoms experienced by tenants is "beyond the ken of laypersons." *Brin v. S.E. W. Investors,* 902 A.2d 784, 793 (D.C. 2006). Jurors would have no "rational basis for evaluating" whether the mold caused any medical conditions. *See Lasley v. Georgetown Univ.,* 688 A.2d 1381, 1384 (D.C.1997). The District Court properly granted summary judgment for Appellees.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.