# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 4, 2014      Decided December 30, 2014

No. 13-7185

STEPHEN A. WANNALL,
Personal Representative of the Estate of John M. Tyler
APPELLANT

v.

HONEYWELL, INC.,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-351)

*David M. Lipman* argued the cause for appellant. *Daniel A. Brown* filed the briefs.

*Michael R. Shebeleskie* argued the cause for appellee. With him on the brief were *Michael A. Brown*, *Alicia N. Ritchie*, and *John D. Epps*.

Before: BROWN, *Circuit Judge*, and WILLIAMS and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*:   After discovery closed in this litigation, the Virginia Supreme Court issued an opinion addressing a key aspect of the law at issue.   The development confronted the plaintiff with a strategic choice: Acknowledge that the opinion changed the law and seek the district court's leave to respond appropriately with new evidence?  Or deny that any change had occurred and proceed on the existing record?  He selected the second alternative, and the district court honored that choice in its opinion granting defendant's renewed motion for summary judgment. *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26 (D.D.C. 2013).  Although the plaintiff came to regret his decision, he remains bound by it.  We affirm.

\*   \*   \*

Shortly after he was diagnosed with malignant pleural mesothelioma, a form of lung cancer caused by asbestos, John Tyler and his wife filed this action seeking damages from various companies that manufactured products containing asbestos that he had been exposed to.  Tyler died.  He was replaced in the litigation by the representative of his estate, Stephen Wannall; his wife, though initially a co-plaintiff, dropped out of the case and does not join this appeal.  (In this opinion we refer to "plaintiff" in the singular throughout.) Appellee Honeywell International, Inc. was named in the lawsuit as the successor-in-interest to the Bendix Corporation, which manufactured brake shoes that Tyler had used in helping friends, family, and neighbors perform automobile repairs over 50 years.

At the close of discovery set by the district court, Honeywell moved for summary judgment, contending that the plaintiff had failed to establish the causal link required under Virginia law between Tyler's exposure to Bendix brakes and his disease.  (The parties agree that Virginia law governs.)

Honeywell argued that Tyler had also been exposed to asbestos during his decades-long service in the United States Navy and so could not show that the Bendix brake shoes proximately caused him to contract mesothelioma. The district court denied the motion, and found that the declaration of the plaintiff's expert, Dr. Steven Markowitz, raised a genuine issue of fact by stating that Tyler's exposure to Bendix brakes was a "substantial" cause of his illness. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 10-cv-67422, 2011 WL 5457546, at *1 (E.D. Pa. July 5, 2011).

While the parties were preparing for trial, the Supreme Court of Virginia changed the legal landscape. In *Ford Motor Company v. Boomer*, 736 S.E.2d 724 (Va. 2013), the court rejected the "substantial" cause standard that the parties had previously understood as controlling, and ruled instead that plaintiffs must demonstrate that "exposure to the defendant's product alone must have been *sufficient to have caused the harm*." *Id*. at 731.

Honeywell promptly moved for reconsideration of its motion for summary judgment, arguing that the plaintiff had not satisfied the standard articulated in *Boomer*. The plaintiff opposed the motion and attached to his opposition a new declaration from Dr. Markowitz stating that the Bendix asbestos exposure was, indeed, a "sufficient" cause of Tyler's mesothelioma. The plaintiff did not seek leave to file the new declaration under Rule 26(e), which calls on a party to "supplement or correct" certain disclosures previously made in discovery, including experts' reports, as needed to reflect "additional or corrective information." Nor did he move under Rule 56(d) for permission to take additional discovery in response to Honeywell's motion. Instead, he argued that Honeywell's motion for reconsideration of the summary judgment issue was not justified because "*Boomer* did not . . . change Virginia law."

4

Honeywell moved to strike the new Markowitz declaration as untimely under the scheduling order, Rule 26, and Rule 37(c). The plaintiff filed an opposition, but once again failed to argue that Rule 26(e) justified filing the new declaration to "supplement or correct" his expert's prior report. Instead, he relied exclusively on his "right" under Rule 56(c)(4) "to produce an affidavit or declaration to support or oppose a summary judgment motion."

The district court granted Honeywell's motion to strike the new Markowitz declaration and its renewed motion for summary judgment in light of *Boomer*. *Wannall*, 292 F.R.D. 26. Exclusion of the new Markowitz declaration from consideration on the merits proceeded in two steps: a finding under Rule 26 that its proffer was untimely and a finding under Rule 37(c) that the delay in submission was neither "substantially justified" nor "harmless." *Id.* at 33-37. We take the issues in that order.

* * *

*Untimely under Rule 26.* The new Markowitz declaration was submitted two years after the close of expert discovery as set by the district court. The plaintiff now argues that the declaration was, nonetheless, timely as a "supplemental" declaration under Rule 26(e). The district court ruled that the plaintiff had waived this argument.

The district court's local rules provide that a court may treat a motion as "conceded" if an opposing brief is not filed within the prescribed time. D.D.C. R. 7(b). The rule is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded. *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citing

*FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (in turn citing the predecessor to Local Rule 7(b))). Such a concession "acts as waiver," such that a "party cannot raise [a] conceded argument on appeal." *Geller v. Randi*, 40 F.3d 1300, 1304 (D.C. Cir. 1994) (citing predecessor to Local Rule 7(b) and *Weil v. Seltzer*, 873 F.2d 1453, 1459 (D.C. Cir. 1989)). We review a district court's finding of waiver under Local Rule 7(b) for abuse of discretion—though "we have yet to find that a district court's enforcement of this rule constituted [such] an abuse." *FDIC v. Bender*, 127 F.3d at 67; see also *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating [a] motion as conceded, we honor its enforcement of the rule." (citing predecessor to Local Rule 7(b))).

The district court held that the plaintiff waived Rule 26(e) because he did not raise the argument "in his opposition to the defendant's motion to strike." *Wannall*, 292 F.R.D. at 34. The plaintiff's decision not to invoke Rule 26(e) was apparently part of his litigation strategy. He hoped to defeat Honeywell's motion for reconsideration of its summary judgment motion by persuading the court that *Boomer* effected no change to Virginia law. Invoking Rule 26(e)—or, for that matter, Rule 56(d)—would have required admitting that *Boomer* did effect such a change, so the plaintiff declined to do so even in response to a motion to strike the new declaration as untimely. At oral argument on the various motions, plaintiff's counsel hewed resolutely to that strategy in the face of the district court's apparent puzzlement:

> The Court: And why do you fight it [the proposition that *Boomer* changed Virginia law] so much? . . . I don't understand the litigation strategy. Explain that to me.

Mr. D. Brown: You know, Judge, sometimes I have a question myself.

The Court:  I mean, emphatically, you're fighting it, putting yourself into a very difficult box.

Mr. D. Brown:  A box.  So I'm here trying to get out of the box.  I'm a jack-in-the-box, Judge.

So why do we say it?  Well, we said it strategically because we felt that under Your Honor's standing order that motions for reconsideration have to comport with 59(e) or 60(b), that they had to satisfy the case law that goes along with that, which basically – they cast it as an intervening change in the law, and we said, is it technically?

The Court:  So you're blaming it on my standing order.

Mr. D. Brown:  No.  No.  I'm blaming it on myself, my team, and how we interpret the law.

The plaintiff invokes the "plain language" of a supplemental briefing order issued by the court and claims that it somehow absolves him of any waiver in his filing in opposition to Honeywell's motion to strike the new Markowitz declaration.  The order for supplemental briefing invited the parties to state their positions on four issues:

(1) why the plaintiff has submitted a supplementary expert report if *Boomer* did not constitute an intervening change in Virginia law;  . . . (2) why the plaintiff's submission of a supplementary expert report, in the absence of an intervening change in law and without seeking leave of the Court, was "substantially justified"

under Federal Rule of Civil Procedure 37(c)(1)[;] . . . (3) whether the plaintiff concedes that, in the event that the [new] Markowitz Declaration is stricken, the defendant's Motion for Reconsideration must be granted; and (4) if the plaintiff does not so concede, what other legal basis or bases would exist to deny the defendant's Motion for Reconsideration . . . .

Order, Wannall v. Honeywell Int'l, Inc., 10-cv-351 (D.D.C Apr. 25, 2013), ECF No. 144. But the district judge specifically confirmed that she "did not request any briefing on whether the Markowitz Declaration was timely under Federal Civil Rule of Procedure 26." *Wannall*, 292 F.R.D. at 34 n.6. That reading of the order appears entirely correct.

In response to the judge's call for supplemental briefing, the plaintiff filed a brief which claimed—for the first time—that the new Markowitz declaration was timely under Rule 26(e). But even then he continued to insist that *Boomer* did "not constitute an intervening change in Virginia law." Thus he disabled himself from invoking Rule 26(e)'s mandate to "supplement or correct" material that had become "incomplete or incorrect." He didn't accompany his mention of Rule 26(e) with any explanation of how it might be relevant, but claimed that the new declaration was already "permitted by Fed. R. Civ. P. 56" as a "response" to Honeywell's renewed motion. At no point did the plaintiff plead in the alternative: "If you find that *Boomer* changed the law, then Rule 26(e)'s provision for supplemental submissions would be applicable." Evidently he regarded such a contingent argument as undermining his preferred position—that *Boomer* changed nothing.

*Untimely submission neither "substantially justified" nor "harmless."* Rule 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the

party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Having concluded that the new Markowitz declaration was not timely under Rule 26, the district court found it excluded from consideration, holding that the plaintiff's failure to meet Rule 26(e)'s requirements was neither harmless nor substantially justified. *Wannall*, 292 F.R.D. at 35-36. We review this determination for abuse of discretion. *Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012).

We agree that the late submission was "harmful." Allowing the new declaration would have required either reopening discovery (and possibly delaying trial) or denying Honeywell the opportunity to cross-examine Dr. Markowitz on his new opinions before trial and an adequate chance to offer expert testimony in rebuttal. These are exactly the types of "harms" that disclosure deadlines are intended to prevent. See Fed. R. Civ. P. 26, Advisory Comm. Notes (1993) (explaining that expert disclosure requirements allow an opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses").

We also agree that the late submission was not "substantially justified." As discussed above, the plaintiff declined to properly invoke either of the (potentially) proper procedural avenues to introduce the declaration—Rule 26(e) or 56(d)—apparently because doing so would have undermined his litigation strategy: he was determined to persuade the district judge that *Boomer* had effected no change to Virginia law that would open the door to Honeywell's renewed motion for summary judgment. As a direct result of this strategic choice, the new Markowitz declaration was not timely submitted. The district court did not abuse its discretion by determining that a failure to timely

submit a declaration that was the direct result of such a choice was not "substantially justified." Again, we note that the plaintiff never hedged his bets by voicing an argument addressing the contingency that the court might find that *Boomer* justified consideration of Honeywell's new motion for summary judgment.

The plaintiff complains that the district court improperly failed to consider lesser sanctions before ordering exclusion, which here operated as "a *de facto* dismissal sanction." But the district court did consider (and reject) lesser sanctions when it evaluated the harmfulness of admitting the late declaration. The plaintiff also argues that exclusion was "grossly disproportionate" to the violation, because there was no finding of bad faith or extreme misconduct. But neither of these is required under Rule 37(c).

In sum, the district court did not abuse its discretion by excluding the new Markowitz declaration.

\* \* \*

The plaintiff also seeks reversal of the court's grant of summary judgment. But his arguments all assume that the new Markowitz declaration was or ought to have been properly part of the record. Because the declaration was appropriately excluded, we find that the plaintiff effectively concedes summary judgment and we need not address these arguments.

\* \* \*

The judgment of the district court is

*Affirmed.*