# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-7064**                                    **September Term, 2022**

**1:20-cv-00453-CKK**

**Filed On:** July 21, 2023

Tiffani Jones,

      Appellant

    v.

NVR Incorporation, trading as Ryan Homes,

      Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Henderson, Walker, and Garcia, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to amend the appendix, the response thereto, the lodged supplement to the appendix, and the motion to appoint counsel, it is

**ORDERED** that the motion to amend the appendix be denied. Nevertheless, insofar as the lodged supplemental appendix includes "papers and exhibits filed in the district court," which are part of the record on appeal, see Fed. R. App. P. 10(a), the court has considered those materials. It is

**FURTHER ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's February 26, 2020 minute order granting appellee's motion for extension of time to file its motion to dismiss; April 29, 2021 order granting appellee's motion for extension of time to file its motion in limine and motion for summary judgment; March 29, 2022 order granting in part appellee's motion in limine and motion to strike; and March 29, 2022 order granting appellee's motion for summary judgment be affirmed.

Appellant has not shown that either order granting an extension of time was an abuse of the district court's broad discretion to manage its docket.  See, e.g., Banner Health v. Price, 867 F.3d 1323, 1334 (D.C. Cir. 2017).  Nor has appellant shown that the district court abused its discretion by prohibiting her from relying on expert evidence, based on the court's determination that she failed to comply with her disclosure obligations under Federal Rule of Civil Procedure 26 and that the failure was neither substantially justified nor harmless.  See Fed. R. Civ. P. 37(c)(1); see also Wannall v. Honeywell, Inc., 775 F.3d 425, 429-30 (D.C. Cir. 2014); Hull v. Eaton Corp., 825 F.2d 448, 452 (D.C. Cir. 1987) ("The determination of an appropriate discovery sanction is left to the discretion of the trial court.").

Finally, appellant has not shown that the district court erred in granting appellee's motion for summary judgment on the claims for breach of warranty, breach of contract, and strict liability.  Contrary to appellant's assertions, she has not pointed to sufficient evidence for a reasonable jury to find that the shower leak was caused by a defect in the home's plumbing system, or that there were structural defects as defined in the limited warranty.  And even assuming that there was a covered defect, appellant has not pointed to sufficient evidence for a reasonable jury to find that appellee breached its obligation to remedy the shower leak and related damage.  Indeed, appellant admittedly refused to allow further remediation and repair work by appellee.  As to the strict liability claim, appellant has not pointed to sufficient evidence for a reasonable jury to find that her family's alleged health problems were caused by mold in the home.  See Wetzel v. Capital City Real Estate, LLC, 73 A.3d 1000, 1006 (D.C. 2013); Young v. Burton, 354 F. App'x 432, 433 (D.C. Cir. 2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**