# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

___

**No. 21-5268**

**September Term, 2023**

FILED ON: NOVEMBER 16, 2023

MICHELLE DONAHUE,
          APPELLANT

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, FEMA,
          APPELLEE

___

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-02443)

___

Before: KATSAS, PAN, and GARCIA, *Circuit Judges*.

## **J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** that the judgment of the district court, entered on October 13, 2021, is **AFFIRMED**.

\*     \*     \*

Michelle Donahue sued her former employer, the U.S. Department of Homeland Security ("DHS"), alleging that DHS retaliated against her for filing an Equal Employment Opportunity ("EEO") complaint. The case went to trial, and the jury returned a verdict in favor of DHS. Donahue appeals, challenging three sets of evidentiary rulings. Because the district court did not abuse its discretion in making any of the rulings, we affirm.[1]

___

[1] After the trial, the courtroom clerk failed to enter a formal judgment in accordance with Federal Rule of Civil Procedure 58(b). But it is clear from the entry of the jury verdict on the docket and the administrative note marking the case terminated that the district court intended to conclusively resolve all

Donahue worked as a supervisor within DHS's Federal Emergency Management Agency ("FEMA"). In 2010, Donahue requested the removal of a private contractor from his assignment with FEMA because he allegedly sexually harassed one of Donahue's subordinates. Donahue then submitted a complaint to FEMA's EEO office on behalf of the alleged victim of harassment.

About three months later, Donahue's supervisor, Keith Holtermann, issued her a formal reprimand. It stated that acting to have the contractor removed was "improper" because it was "outside the scope of [Donahue's] authority." App. 30. Over the next two years, Donahue faced further discipline related to this and other incidents, culminating in her resignation after FEMA proposed to terminate her employment.

Donahue sued DHS for retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3. DHS did not dispute that Donahue engaged in protected activity (*i.e.*, filing the EEO complaint) or that she suffered adverse employment actions (*i.e.*, the formal reprimand and her proposed termination). Thus, the sole question for trial was whether there was a causal link between her protected activity and the adverse actions. *See Broderick v. Donaldson*, 437 F.3d 1226, 1231–32 (D.C. Cir. 2006) (listing the three elements of a retaliation claim).

On appeal, Donahue argues that the district court erred by: (1) allowing DHS to call witnesses who were not disclosed during discovery; (2) narrowing the testimony of certain witnesses called by Donahue; and (3) denying Donahue's request to allow two witnesses to appear remotely. We review those evidentiary rulings for abuse of discretion. *See Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 429 (D.C. Cir. 2014); *United States v. Kanu*, 695 F.3d 74, 78 (D.C. Cir. 2012).

We start with the disclosure issue. Over Donahue's objection, the district court allowed DHS to call four witnesses who were not named in DHS's discovery disclosures. In considering Donahue's motions to prohibit the undisclosed witnesses from testifying, the district court meticulously analyzed each challenged witness. Permitting the four witnesses to testify was within the district court's discretion. Three of the witnesses were "made known" to Donahue during discovery. *See* Fed. R. Civ. P. 26(e)(1)(A) (providing an exception to Rule 26(a)(1)'s witness-disclosure requirement for witnesses "made known to the other parties during the discovery process"); *see, e.g.*, *Kapche*, 677 F.3d at 468 (affirming admission of a previously undisclosed

---

claims in the case by its acceptance of the verdict. We consider this record sufficient to demonstrate that a "final decision[]" was entered by the district court, allowing us to exercise appellate jurisdiction under 28 U.S.C. § 1291. Under the circumstances presented, we do not believe that a remand or dismissal is required for the sole purpose of correcting the apparent clerical error. *See Hamilton v. Stillwell Van & Storage Co.*, 343 F.2d 453, 455 (3d Cir. 1965); *Crosby v. Pac. S.S. Lines*, 133 F.2d 470, 473–74 (9th Cir. 1943); *cf.* Fed. R. App. P. 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order."); *Pack v. Burns Int'l Sec. Serv.*, 130 F.3d 1071, 1071–72 (D.C. Cir. 1997). *But see Martin v. Staples*, 164 F.2d 106, 106 (D.C. Cir. 1947). Dismissing the appeal as premature and remanding to the district court for entry of the judgment would force Donahue to refile her appeal after the district court corrects a technical error that is not attributable to her, thereby unfairly causing her considerable expense and inconvenience.

2

witness who was "made known" because she was mentioned in a document, discussed at a deposition, and referenced in discovery requests).[2]  And Donahue waived her objection to the testimony of the fourth witness, witness Curtin.  App. 718 ("We don't have a problem with her talking about how she conveyed the message to Josh Fishburne [that he was being removed from the contract] . . . ."); *see Anderson v. Grp. Hospitalization, Inc.*, 820 F.2d 465, 469–70 (D.C. Cir. 1987); *Lane v. District of Columbia*, 887 F.3d 480, 485 (D.C. Cir. 2018).

Donahue next challenges limitations that the district court placed on the testimony of two so-called "me too" witnesses, who allegedly experienced retaliation by Holtermann that could support an inference that he similarly retaliated against Donahue.  The court ruled that those witnesses could "testify about what [Holtermann] did and when it happened," but could not "speculat[e] about Dr. Holtermann's state of mind or why he did something."  App. 302.  The trial court acted within its discretion in so limiting the proposed testimony.  Contrary to Donahue's contention, the witnesses' beliefs about Holtermann's motives were not necessarily admissible as lay opinions.  *See* Fed. R. Evid. 701.  The trial court could reasonably conclude that speculating about another person's motivations would not be "rationally based on the witness's perception" or "helpful to clearly understanding the witness's testimony or to determining a fact in issue."  *Id.*; *see Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) ("[A] witness's opinion as to the defendant's ultimate motivations will often not be helpful within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant was motivated by an impermissible animus." (cleaned up)).

Donahue lastly challenges the district court's denial of her request to allow two witnesses to testify remotely because the witnesses took care of their elderly parents and did not want to risk exposure to COVID-19.  The district court permissibly exercised its discretion to deny the request because neither witness "claim[ed] 'accident' or 'illness' as the reason they [could not] appear" and Donahue did not provide any reason "why she ha[d] given last-minute notice for their remote testimony."  App. 279; *see* Fed. R. Civ. P. 43(a) (permitting remote testimony only "[f]or good cause in compelling circumstances").  In any event, any error in precluding these two damages witnesses was harmless because the jury returned a verdict against Donahue on liability and did not reach the question of damages.  *See Huthnance v. District of Columbia*, 722 F.3d 371, 381 (D.C. Cir. 2013) (error is harmless if it did not "substantially affect[] the outcome of the case").

For the foregoing reasons, the judgment of the district court is affirmed.

---

[2]  Donahue contends that DHS was required to "[make] known" the *substance* of the witnesses' testimony during discovery.  Donahue Br. 6; *see* Fed. R. Civ. P. 26(a)(1)(A)(i).  To the extent Rule 26 requires such disclosure, the contexts in which the challenged witnesses were "made known" to Donahue sufficiently implied the subject matter of their relevant knowledge.  *See* App. 293 (witness Dodwell "identified multiple times in [Donahue's] own discovery responses, [in] Exhibit B in [Donahue's] own deposition," and in "Holtermann's deposition"); Suppl. App. 2–7, 17–19; App. 1117–18, 1138, 1147–48 (witness Fishburne mentioned in Donahue's deposition and Holtermann's deposition, as well as Donahue's discovery responses); App. 1040–41 (Exhibit 31) (witness Hoburg copied on and mentioned in an email that was produced by Donahue during discovery and that was a key exhibit during litigation).

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk